IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DONALD REYNOLDS BEY,** | ) | Civil Action No. 7:14cv00089 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **C. ZYCH,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Donald Reynolds Bey,[1] a federal inmate proceeding *pro se*, filed an amended complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Bey names as defendants the United States, a Deputy United States Marshal, and the Warden and staff of the United States Penitentiary in Lee County, Virginia, ("USP Lee"). Bey alleges that, *inter alia*, defendants conspired to interfere with his communication with appellate counsel. Presently before me is defendants' motion to dismiss and for summary judgment. Bey has filed responses to the motion, including a motion for a permanent injunction, and this matter is ripe for disposition.[2] Upon consideration of this action, I conclude that defendants' dispositive motion must be granted and that Bey's motion for a permanent injunction must be denied.

---

[1] Bey is also identified as Donald Ray Reynolds, Jr.

[2] Bey recently filed "additional evidence" months after the time expired for him to respond to defendants' motion. *See* Dkt # 43. Because Bey fails to establish excusable neglect, in accordance with Federal Rule of Civil Procedure 6(b)(1)(B), to excuse the untimely filing of the documents, I decline to consider them. *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991) (holding that a *pro se* litigant is not entitled to special consideration to excuse a failure to follow a straightforward procedural requirement that a lay person can comprehend as easily as a lawyer); *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating that pro se litigants are "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible"); *McDonald v. Head Criminal Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.").

## I.

On November 5, 2010, the United States District Court for the Eastern District of Tennessee ("District Court") sentenced Bey to life imprisonment plus 900 months. *United States v. Reynolds*, No. 3:08cr00143 (E.D. Tenn. Nov. 4, 2010). That same day, trial counsel filed a motion to withdraw representation, stating, *inter alia*, that Bey had threatened him with violence. *United States v. Reynolds*, 534 F. App'x 347, 355 (6th Cir. 2013). The District Court granted the request, and appellate counsel was appointed. *Id.*

During the pendency of the direct appeal, appellate counsel learned of threatening emails sent to him from Bey's inmate email account. In light of these emails, appellate counsel moved to withdraw from representation.[3] *Id.* at 373. A Deputy United States Marshal investigated, recovered copies of the emails, and contacted a Bureau of Prisons ("BOP") Special Investigations ("SIS") Lieutenant, who agreed that the emails intended for appellate counsel were threatening. The Deputy Marshal and the SIS Lieutenant interviewed Bey at USP Lee, during which the SIS Lieutenant reminded Bey that staff monitored all emails sent by inmates via the BOP's inmate-email service.

Bey was charged with the institutional infraction of "Threatening Bodily Harm" and was moved into segregation for approximately twenty-three days before the Disciplinary Hearing Officer ("DHO") conducted an institutional hearing. After reviewing the evidence, the DHO found Bey guilty of "Threatening Bodily Harm" and revoked Bey's commissary privileges for

---

[3] Ultimately, the Sixth Circuit Court of Appeals granted appellate counsel's motion after adjudicating both Bey's *pro se* filings and appellate counsel's brief.

ninety days.[4]  The DHO's report explains that Bey was guilty of the offense based on the written charge and copies of the threatening emails.  The DHO gave more weight to that evidence than Bey's argument that unknown BOP officials John Doe and Mary Doe had spliced and edited Bey's emails out of context to make it seem like he had threatened appellate counsel.  Bey administratively appealed the institutional conviction without success, and Bey was not criminally charged for sending the emails.  Bey alleges in the amended complaint that defendants conspired to violate his rights to counsel, access courts, file grievances, and due process guaranteed by the First, Second, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments.  Bey seeks damages, declaratory relief, and injunctive relief.

## II.

Bey asserts that he has a right to damages via the FTCA for defendants' acts and omissions.  The United States waives its sovereign immunity via the FTCA to allow certain actions for injuries caused by governmental employees.  28 U.S.C. §§ 1346(b), 2680; *see United States v. Orleans*, 425 U.S. 807, 814 (1976) (recognizing that the United States cannot be sued without a waiver of its sovereign immunity).  Specifically, a plaintiff may recover monetary awards from the United States for injury to, or loss of, property, personal injury, or death "caused by the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope . . . of employment."  28 U.S.C. § 1346(b).  Before filing a civil action, a claimant must first present an administrative FTCA claim to the appropriate federal agency, which must issue a final, written denial.  28 U.S.C. § 2675(a).  The requirement to file an

---

[4] Notably, Bey's access to the inmate-email service was not restricted as a result of this disciplinary conviction.  However, Bey's access had already been suspended due to an earlier disciplinary conviction for "Being Insolent to Staff and Using Unauthorized Equipment."

3

administrative claim is jurisdictional and cannot be waived. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000).

Bey failed to file an administrative tort claim with the BOP or the United States Marshal Service about any alleged act or omission by defendants. *See* 28 C.F.R. §§ 14.1–14.4, 14.9. His failure to file such a claim is fatal to his FTCA claims, thus those claims must be dismissed.

### III.

As an alternative to relief under the FTCA, Bey pursues relief via *Bivens* for defendants' alleged acts or omissions that violated his rights guaranteed by the First, Second, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments. Notably, the same allegations underlie both the FTCA claims and *Bivens* claims.

A "judgment in an action under [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. This judgment bar encompasses *Bivens* claims within the same lawsuit that includes an FTCA claim about the same acts or omissions. *Unus v. Kane*, 565 F.3d 103, 122 (4th Cir. 2009). Accordingly, § 2676 bars

4

Bey's *Bivens* claims about defendants' same alleged acts or omissions that are dismissed under the FTCA. Accordingly, the *Bivens* claims must also be dismissed.[5]

## IV.

For the reasons stated, I will dismiss the claims against defendants John Doe and Mary Doe pursuant to 28 U.S.C. § 1915A(b)(1), grant the remaining defendants' motion to dismiss and for summary judgment, and deny Bey's motion for a permanent injunction.

ENTER: This  26th  day of August, 2015.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[5] Nonetheless, the record establishes that Bey failed to exhaust available administrative remedies about BOP staff's acts or omissions. *See* 28 C.F.R. §§ 542.10, *et seq*. Furthermore, Bey's experience in administrative segregation for approximately twenty-three days and the loss of commissary privileges for ninety days do not implicate the violation of any federal right. *See, e.g.*, *Sandin v. Conner*, 515 U.S. 472 (1995). Also, there was sufficient evidence to sustain Bey's institutional conviction. *See, e.g.*, *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). Moreover, Bey's reliance on labels and conclusions to allege defendants' violations of federal law, either as individuals or in a conspiracy, is insufficient to warrant relief, and a defendant cannot be liable based on *respondeat superior*. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 n.7 (1978); *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). Bey had no rights under the Sixth Amendment or *Miranda v. Arizona*, 384 U.S. 436 (1966), during his interview with defendants at USP Lee, and he fails to specifically describe a non-frivolous legal claim that a defendant's acts or omissions prevented him from litigating, especially in light of the fact that the Court of Appeals had considered his *pro se* filings during direct review. *See, e.g.*, *Howes v. Fields*, 132 S. Ct. 1181, 1192 (2012); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Massiah v. United States*, 377 U.S. 201 (1964). Accordingly, defendants are also entitled to qualified immunity. *See, e.g.*, *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).