# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DONALD REYNOLDS BEY,** </br>     **Plaintiff,** | ) </br> ) </br> ) | Civil Action No. 7:14-cv-00089 |
| v. | ) </br> ) | **ORDER** |
| **C. ZYCH,** *et al.*, </br>     **Defendants.** | ) </br> ) </br> ) | By: Norman K. Moon </br> United States District Judge |

Presently before me is *pro se* plaintiff Donald Reynolds Bey's second motion pursuant to Federal Rule of Civil Procedure 59(e), which was filed more than twenty-eight days after I granted defendants' motion for summary judgment in this action filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). I had awarded summary judgment to defendants because Bey failed to present his FTCA claim to the Department of Justice and that failure also barred his *Bivens* claims. I denied Bey's first Rule 59(e) motion as meritless.

This second Rule 59(e) motion has been filed more than twenty-eight days after the final judgment dismissing the action and, therefore, is untimely. Fed. R. Civ. P. 59(e).[1] Arguably, the motion also seeks reconsideration of my denial of the original motion for reconsideration. (*See* dkt. no. 58 at p.3 ¶ 5). Although the motion would be timely as to reconsideration of that September 8, 2015 order, the motion is substantively meritless. Indeed, it often repeats arguments or contentions that I have already rejected. For all of these reasons, the motion is **DENIED**. It is so **ORDERED**. The Clerk shall send copies of this Order to the parties.

    Entered this __4th__ day of November, 2015.

 

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

1. In this second Rule 59(e) motion, Bey specifically states, "This motion does not seek relief from the judgment under Federal Rule of Civil Procedure 60." (Mot. at 3.) Accordingly, I do not construe the motion as pursuant to Rule 60.